**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>           Plaintiff,            )<br>                                 )<br>v.                               )<br>                                 )<br>FRANCISCO R. VILLEREAL,          )<br>                                 )<br>           Defendant.            )<br>_____) | **CRIMINAL ACTION**<br><br>No.  04-10236-02 |

**MEMORANDUM AND ORDER**

This case comes before the court on the government's amended motion to admit intrinsic evidence, or in the alternative, to admit evidence under rule 404(b).  The court conducted an evidentiary hearing on July 8, 2005.  The government's motion is denied for the reasons herein.

I.   FACTS

Defendant has been indicted for conspiring to distribute 62 grams of methamphetamine.  The indictment alleges that the conspiracy began on an unknown date and continued until December 2003.  Matt Smith testified that from 1993 to 1995, he frequently sold and used methamphetamines.  On occasion, these drugs were "fronted," given to him in exchange for later payment, by defendant.  Matt Smith then sold the drugs on the street and retained the profits.  During 1996-97, Matt Smith was incarcerated for aggravated battery.  Sometime after his release, Matt Smith encountered defendant.  From August 1998 until November 1998, Matt Smith purchased approximately three ounces of methamphetamine and one ounce of cocaine from defendant with the intention to sell the drugs and return the agreed purchase price,

$4000, to defendant. Matt Smith failed to pay defendant and, as a result, defendant seized Smith's vehicle.

On December 3, 1998, Smith went to defendant's house with a companion to recover the vehicle. Defendant, along with co-defendant Gillespie and an unnamed individual, pointed handguns at Smith and his companion and ordered them to undress. After searching for a wire, defendant brought Smith to his car and returned the keys. Defendant was later tried and convicted for aggravated battery.

Recently, on July, 7, 2005, while on bond, defendant was arrested for selling methamphetamine. The government seeks to introduce Matt Smith's testimony and evidence about the recent drug sale. Defendant objects on the basis that the evidence is not relevant and not probative of the crimes charged.

II. ANALYSIS

The court finds that the government has failed at this point to meet the requirements of United States v. Wacker, 72 F.3d 1453, 1469 (10th Cir. 1995), and Huddleston v. United States, 485 U.S. 681, 691-92, 108 S.Ct. 1496 (1988), with respect to Smith's testimony. The government has not alleged that Smith was part of the conspiracy charged and has not presented any evidence regarding when the conspiracy began. Under these circumstances, Smith's evidence is too remote in time to be probative. Fed. R. Evid. 403. The court reserves the right to reconsider this ruling depending on the evidence admitted during trial. The 1999 assault conviction is not admissible for any purpose. The July 1 arrest is not admissible. United States v. Betts, 16 F.3d 748, 757-60 (7th Cir. 1994).

IT IS SO ORDERED.

Dated this __12th__ day of July 2005, at Las Cruces, New Mexico.

                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE