### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

```
UNITED STATES OF AMERICA       )
                               )
        Respondent/Plaintiff,  )
                               )
                               )
v.                             )    Case No. 06-3260-WEB
                               )             04-10236 - WEB
                               )
FRANCISCO R. VILLARREAL ,      )
                               )
        Petitioner/Defendant.  )
_____)
```

MEMORANDUM AND ORDER

NOW before the Court is the motion of petitioner Francisco Villarreal, to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The court has reviewed the briefs and the file.  Because these materials conclusively show the defendant is not entitled to relief, the Court finds that no hearing on the matter is required.

I. *Background*

A review of the record shows the petitioner entered a guilty plea on July 19, 2005.  The petitioner was charged in a 24 count Superseding Indictment, of which he was named in 18 counts.  (Doc. 70).  On July 19, 2005, petitioner changed his plea to guilty to Count 1, Possession of 62 grams of Methamphetamine, a Controlled Substance, with the Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1); and Count 13, Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).  The plea agreement described the possible penalty for Count 1 as not less than ten years

imprisonment and not more than life imprisonment.  The plea agreement described the possible penalty for Count 13 as not more than ten years of imprisonment. (Doc. 101, p. 1-2).  The United States agreed to move for dismissal of the remaining counts of the indictment at the time of sentencing.  (Docs. 101, p. 2).  The petitioner was sentenced on November 7, 2005 to 120 months in the custody of the United States Bureau of Prisons on Count 1 and 120 months in the custody of the United States Bureau of Prisons on Count 13.  Count 13 was ordered to run concurrent to Count 1.  Upon release, the petitioner was ordered to supervised release for five years for Count 1, and three years on Count 13, concurrent to Count 1.  (Doc. 121).  No direct appeal was filed.

On September 13, 2006, the petitioner timely filed this motion under 28 U.S.C. § 2255. (Doc. 125).   The Government responded on October 4, 2006.  (Doc. 127).

II.  *Defendant's 2255 Motion for Relief*

Defendant / Petitioner filed this petition under 28 U.S.C. § 2255 alleging numerous grounds under which the court should vacate, set aside or correct sentence.  The issues raised and argued by petitioner are embedded in ineffective assistance of counsel claims.  The petitioner alleges defense counsel did not adequately investigate the defendant's case when he failed to investigate the firearm claim, he was induced to plea guilty, he was erroneously advised of the minimum and maximum prison time, defense counsel failed to argue a *Booker* violation, defense counsel failed to object to the presentence investigation, and the Government breached the plea agreement.  (Doc. 125).

The Government argues the petition should be dismissed as the defendant agreed to waive his right to collateral attack of the conviction and sentence, or in the alternative, denied on

the basis the defendant was provided effective assistance of counsel. (Doc. 127).

    III. *Discussion*

The defendant entered into a plea agreement with the Government. (Doc. 101). As part of the agreement, the defendant waived his right to appeal or his right to collateral attack of any matter in connection with his case. The applicable language contained within the Plea Agreement is on page 8:

> 12. <u>Waiver of Appeal and Collateral Attack</u>. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham,* 237 F.3d 1179, 1187 (10 Cir. 2001)] and a motion brought under Title 18, U.S.C. 3582 (c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).
> (Doc. 101, p. 8).

A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made. *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The right to bring a collateral attack under § 2255 is a statutory right and is waivable unless it falls within the exceptions. *Id* at 1182. The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellant rights in the

plea agreement. The Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights, and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

a. Scope

The Court will construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights. *Hahn* at 1325, quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). Petitioner's plea agreement specifically includes a statement waiving the right to attack the sentence through collateral review on § 2255 motion except to the extent that the Court departs upwards from the applicable sentencing guideline range determined by the Court. (Doc. 101, p. 8).

The petitioner plead guilty to Count 1, possession of 62 grams of Methamphetamine, a Controlled Substance, with the Intent to Distribute, in violation of 21, U.S.C. § 841(a)(1), and Count 13, Felon in Possession of a Firearm, in violation of 18, U.S.C. § 922(g)(1). The petitioner was aware the sentence for Count 1 was ten years to life imprisonment. The petitioner understood the maximum sentence for Count 13 was up to ten years imprisonment. (Doc. 101, p. 1-2). The petitioner was then sentenced to 120 months, or ten years, on both counts, to be served concurrent. The Court determined the total offense level was 31 and the criminal history category was I resulting in an advisory guideline sentencing range of 120 to 135 months on Count 1, and 108 to 120 months on Count 13. The Court imposed the statutory maximum for count 13, and the statutory minimum on count 1. The Court did not depart upwards from the applicable advisory guideline sentencing range. Therefore, the instant appeal falls within the

scope of the waiver of appellate rights.

b. Knowing and Voluntariness of Petitioner's Waiver

The defendant must waive his plea knowingly and voluntarily for the waiver to be accepted. The language of the plea agreement must state the defendant entered the agreement knowingly and voluntarily. *Hahn* at 1325, citing *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001). The Court must conduct an adequate Rule 11 plea colloquy. The petitioner bears the burden to show he did not knowingly and voluntarily enter into the plea agreement. *Hahn* at 1329; *United States v. Edgar,* 348 F.3d 867, 872-73 (10th Cir. 2003).

The petitioner argues he did not enter into the plea voluntarily because he was induced to plea guilty. The petitioner's claims contradict the signed plea agreement and his statements at the plea hearing. The petitioner appeared before the Court on July 18, 2005 and changed his plea to guilty. The Court conducted a Rule 11 colloquy in which the defendant stated on the record his decision to change his plea. The petitioner also signed the Plea Agreement on the same date. The plea agreement stated, "The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily." (Doc. 101, p. 10). A defendant's statements at a plea hearing "should be regarded as conclusive as to the truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth" of those statements. *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988), citing *Hedman v. United States,* 527 F.2d 20, 22 (10th Cir. 1975). Petitioner has not shown he did not enter the plea agreement knowingly or voluntarily. The defendant acknowledged that he had read the plea agreement, and he signed the plea agreement.

c. Miscarriage of Justice

Enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would constitute a miscarriage of justice.  To constitute a miscarriage of justice, enforcement of the waiver must result in one of the four scenarios discussed in *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001).  Appellate waivers are subject to certain exceptions; (1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful.  *Hahn,* 359 F.3d at 1327.  To satisfy the fourth factor, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings.  *Id*.

The Court did not rely on an impermissible factor such as race.  The defendant does not allege ineffective assistance of counsel in connection with the negotiation of the waiver.  Most of the issues raised by the defendant pertain to sentencing, not the validity of the waiver.  According to Cockerham, "[d]efendant's § 2255 ineffective assistance claim regarding sentencing for his drug convictions does not relate to the validity of the plea or the waiver," and the Court held that "he has waived the right to bring that challenge so long as he knowingly and voluntarily entered the plea and made the waiver."  *United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001). The other issues raised by the defendant are not in relations to the negotiation of the waiver.  The sentence did not exceed the statutory maximum.  The waiver and the sentence do not seriously affect the fairness, integrity, or public reputation of judicial proceedings.  See *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770 (1993); *Elliott*, 264 F.3d at 1173.  The enforcement of the appellate waiver does not result in a miscarriage of justice.

IV. *Conclusion*

The appeal falls within the scope of the waiver, the defendant entered into the plea agreement knowingly and voluntarily, and the enforcement of the waiver does not result in a miscarriage of justice. The defendant has not show ineffective assistance of counsel in connection to the validity of the plea or the negotiation of the waiver, and the waiver is enforceable.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the defendant's motion for relief under the provision of 28 U.S.C. § 2255 (Doc. 125) be DENIED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 29th day of May, 2007, at Wichita Kansas.

    s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge